IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT FOR PRIVACY AND SURVEILLANCE ACCOUNTABILITY, INC. <br> 1101 Connecticut Ave. NW, Ste. 450 <br> Washington, DC 20036, <br>     Plaintiff, <br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, NW <br> Washington, DC 20530-0001, <br>     Defendant | **COMPLAINT** <br><br> 21-cv-2362 |

## Introduction

1. This Freedom of Information Act (FOIA) suit seeks records from Defendant the United States Department of Justice (DOJ). *See* 5 U.S.C. § 552. These records and the information they contain are necessary to answer questions of national significance regarding potential government surveillance of United States persons, including members of the United States House of Representatives and Senate.

2. To answer these pressing questions more fully, the Project for Privacy and Surveillance Accountability, Inc. ("PPSA"), the Plaintiff in this action, sent a FOIA request to the Federal Bureau of Investigation (FBI) on or about December 13, 2019. But it has not received a substantive response from the FBI as required by law. PPSA brings suit to compel that response.

## Jurisdiction and Venue

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. It may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*.

4. Venue lies in this District under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## Parties

5. Plaintiff PPSA is a Delaware non-profit corporation with its principal place of business in Washington, DC. As part of its mission, PPSA advocates for greater privacy and civil liberty protections from government surveillance, and seeks to hold such programs accountable to constitutional and statutory limitations.

6. Defendant DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which PPSA seeks access. Additionally, the FBI is an agency within DOJ and has possession, custody, and control of records to which PPSA seeks access.

## Facts

7. FOIA requires federal agencies, including Defendant, to "promptly" release agency records upon request to any member of the public. 5 U.S.C. § 552 (a)(3); *see also* 5 U.S.C. § 552(f)(1) (definition of agency). If the records fall under a statutory exemption or are excluded from FOIA, the agency may deny the request. *See* 5 U.S.C. § 552(b)(1)-(9) (exemptions); *id.* § 552(c)(1)-(3) (exclusions).

8. PPSA submitted a FOIA request to the FBI by letter dated December 13, 2019, attached to this complaint as Exhibit A. Item 35 of that letter requested the following:

> **35. All correspondence between individual Senators or Congressmen and any agency, or between an agency and Congressional leadership and/or either or both Congressional intelligence committees, concerning the unmasking of Congressmen or Senators, including but not limited to correspondence from or to Senator Rand Paul (R-KY), Senator Lindsey Graham (R-SC), Congresswoman Jane Harmon** [sic] **(D-CA), Congressman Dennis Kucinich (D-OH), Congressman Lou Barletta (R-PA), Congresswoman/Senator-elect Marsha Blackburn (R-TN), Congressman Chris Collins (R-NY), Congressman Tom Marino (R-PA), Congressman Devin Nunes (R-CA), Congressman Sean Duffy (R-WI), Congressman Trey Gowdy (R-SC), and Congressman Dennis Ross (R-FL).**

Each of the specifically-listed members of congress had made, or was otherwise associated with, public inquiries into the U.S. intelligence community's surveillance of them and/or other congressional members.[1]

9. By letter dated July 7, 2020 (Exhibit B), the FBI advised PPSA that its FOIA request had been received and previously assigned FOIPA Request Number 1456200-000, and that Item 35 of PPSA's request had been assigned the Additional FOIPA Request Number 1457690-000.

---

[1] *See*, *e.g.*, https://twitter.com/RandPaul/status/860482401109258242 (Rand Paul), https://www.axios.com/lindsey-graham-suggests-hes-a-victim-of-unmasking-1513302729-0ceba085-9574-41d2-88a4-9da5267f1f23.html (Lindsey Graham), https://www.politico.com/story/2009/04/harman-calls-out-nsa-021537 (Jane Harman), https://www.foxnews.com/opinion/dennis-kucinich-im-no-fan-of-trumps-but-hes-got-a-point-about-wiretapping (Dennis Kucinich), https://twitter.com/reploubarletta/status/849404793642782722?lang=en (Lou Barletta, Marsha Blackburn, and Chris Collins).

10. By letter dated October 13, 2020, the FBI denied FOIA request Number 1457690-000, issuing a so-called *Glomar* response under FOIA Exemptions 1, 3, 6, 7(C) and 7(E). (Exhibit C).

11. PPSA timely appealed this response on January 11, 2021. (Exhibit D). By letter dated January 12, 2021, DOJ acknowledged receipt of that appeal on January 11, 2021. (Exhibit E).

12. By letter dated May 27, 2021 (Exhibit F)—more than twenty business days after receipt of PPSA's appeal—DOJ denied the appeal. Thus, under 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(C), PPSA has exhausted the applicable administrative remedies.

13. As of the date of this complaint DOJ, including its component the FBI, has failed to produce the requested records or demonstrate, on appeal, that the requested records are lawfully exempt from production.

14. PPSA has a right of prompt access to the requested records under 5 U.S.C. § 552(a)(3)(A), but DOJ has wrongfully withheld them.

## Count One: Freedom of Information Act

## Defendant is required to disclose all non-exempt records responsive to PPSA's Freedom of Information Act requests

35. PPSA hereby incorporates by reference all preceding paragraphs of this Complaint.

36. DOJ is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

37. By letter dated December 13, 2019, PPSA submitted a FOIA request to DOJ.

38. To date, DOJ has failed to conduct a search reasonably likely to locate responsive records.

39. PPSA has exhausted its administrative remedies, having submitted an administrative appeal of the FBI's denial of the request, which DOJ subsequently denied.

40. The requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

41. Defendant's failure to release responsive non-exempt records violates FOIA, 5 U.S.C. § 522(a)(3)(A), as well as the regulations implementing FOIA, 28 C.F.R. § 16.1, *et seq*.

42. PPSA is entitled to receive all responsive non-exempt records from Defendant forthwith.

**PRAYER FOR RELIEF**

PPSA respectfully requests that the Court:

A. Order Defendant to conduct searches immediately for any and all records responsive to PPSA's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to PPSA's FOIA request.

B. Order Defendant to produce, by dates certain, any and all non-exempt records to PPSA's FOIA request, and *Vaughn* indices of any responsive records withheld in whole or in part under claim of exemption;

C. Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to PPSA's FOIA request;

D. Grant PPSA an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

E. Grant PPSA such other relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Gene C. Schaerr

    GENE C. SCHAERR (D.C. Bar No. 416638)
      *Counsel of Record*
    SCOTT GOODWIN*
    SCHAERR | JAFFE LLP
    1717 K Street NW, Suite 900
    Washington, DC 20006
    (202) 787-1060
    gschaerr@schaerr-jaffe.com
    *Counsel for Plaintiff PPSA, Inc.*

*Application pending for admission to the D.C. Bar. Practicing under the supervision of D.C. bar members pursuant to Rule 49(c)(8).